| Fill in this information to identify your case: | |
|---|---|
| United States Bankruptcy Court for the: <br> NORTHERN DISTRICT OF ILLINOIS | |
| Case number *(if known)* _____  Chapter  **11** | ☐ Check if this an amended filing |

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| 1. | **Debtor's name** | Home Products International, Inc. |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 36-4147027 |

| 4. | **Debtor's address** | **Principal place of business** <br><br> **4501 W. 47th St.** <br> **Chicago, IL 60632** <br> Number, Street, City, State & ZIP Code <br><br> **Cook** <br> County | **Mailing address, if different from principal place of business** <br><br> _____ <br> P.O. Box, Number, Street, City, State & ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br><br> _____ <br> Number, Street, City, State & ZIP Code |
|---|---|---|---|

| 5. | **Debtor's website** (URL) | |
|---|---|---|
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

Debtor **Home Products International, Inc.**     Case number (*if known*) _____
    Name

| | | |
|---|---|---|
| 7. | **Describe debtor's business** | A. *Check one:* |

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ■ None of the above

B. *Check all that apply*

- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

   __3261__

| | | |
|---|---|---|
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |

- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11. *Check **all** that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 04/01/25 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D) and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

| | | |
|---|---|---|
| 9. | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** If more than 2 cases, attach a separate list. | ■ No. ☐ Yes. |

District _____ When _____ Case number _____
District _____ When _____ Case number _____

| | | |
|---|---|---|
| 10. | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No ■ Yes. |

| | | | |
|---|---|---|---|
| Debtor | **Home Products International, Inc.** | Case number (*if known*) | |
| | Name | | |

| | | | | |
|---|---|---|---|---|
| List all cases. If more than 1, attach a separate list | Debtor | **Home Productions International-North America, Inc.** | Relationship | |
| | District | **Northern District of Illinois** | When **6/2/022** | Case number, if known |

---

**11. Why is the case filed in *this district*?**

Check all that apply:

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

- ■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
    Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes. Insurance agency _____
    Contact name _____
    Phone _____

---

### ■ Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

- ■ 1-49
- ☐ 50-99
- ☐ 100-199
- ☐ 200-999
- ☐ 1,000-5,000
- ☐ 5001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than100,000

**15. Estimated Assets**

- ■ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ■ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

---

Debtor  **Home Products International, Inc.**                              Case number (*if known*) _____
        Name

### Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **06/02/2022**
              MM / DD / YYYY

X _____     **James Auker**
  Signature of authorized representative of debtor    Printed name

Title   **Chief Financial Officer**

**18. Signature of attorney**

X  */s/ Edward J. Green*                     Date  **06/02/2022**
   Signature of attorney for debtor                MM / DD / YYYY

**Edward J. Green**
Printed name

**FOLEY & LARDNER LLP**
Firm name

**321 North Clark Street**
**Suite 3000**
**Chicago, IL 60654**
Number, Street, City, State & ZIP Code

Contact phone   **312-832-4500**        Email address   **egreen@foley.com**

**6225069 (IL)**
Bar number and State

Official Form 201    **Voluntary Petition for Non-Individuals Filing for Bankruptcy**    page 4

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| HOME PRODUCTS INTERNATIONAL, INC., ) | Case No. _____ |
| ) | |
| ) | Honorable _____ |
| Debtor-in-Possession. ) | |
| ) | |

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Northern District of Illinois for relief under chapter 11 of the title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Home Products International, Inc.

1. Home Products International, Inc.

2. Home Products International – North America, Inc.

# JOINT RESOLUTION OF THE BOARD OF DIRECTORS OF
# HOME PRODUCTS INTERNATIONAL, INC. AND
# HOME PRODUCTS INTERNATIONAL – NORTH AMERICA, INC.
# SPECIAL JOINT MEETING
# MAY 11, 2022

**WHEREAS**, Home Products International – North America, Inc. ("HPI-NA"), as Borrower, and Home Products International, Inc. ("HPI"), as Loan Party Obligor, are parties to that certain Loan and Security Agreement, dated of February 28, 2019 (as amended or otherwise modified from time to time, the "Loan Agreement"), with Eclipse Business Capital SPV, LLC f/k/a Encina Business Credit SPV, LLC ("Lender"), and Eclipse Business Capital LLC f/k/a Encina Business Credit LLC ("Administrative Agent"), pursuant to which the Lender agreed to make loans to HPI-NA;

**WHEREAS**, HPI-NA, HPI, and the Administrative Agent entered into that certain Forbearance Agreement and Sixth Amendment to Loan and Security Agreement on November 11, 2021, which has since expired in accordance with its terms;

**WHEREAS**, HPI-NA, HPI, and the Administrative Agent entered into that certain Second Forbearance Agreement and Seventh Amendment to Loan and Security Agreement on December 17, 2021, which has since expired in accordance with its terms;

**WHEREAS**, HPI-NA, HPI, and the Administrative Agent entered into that certain Third Forbearance Agreement and Seventh Amendment to Loan and Security Agreement on March 14, 2022, (the "Third Forbearance Agreement"), which has since expired in accordance with its terms;

**WHEREAS**, HPI-NA and HPI have been unable to negotiate an extension to the Third Forbearance Agreement;

**WHEREAS**, the Boards have considered the financial condition and circumstances of HPI-NA and HPI, including without limitation the assets and liabilities of each corporation and their operational performance;

**WHEREAS**, the Boards have reviewed, considered, and received the recommendations of the senior management of HPI-NA and HPI and their professionals and advisors as to the relative risks and benefits of a chapter 11 bankruptcy proceeding; and

**WHEREAS**, based upon the recommendation of the professionals and senior management, the Boards have made an informed determination that, absent a viable alternative, it will be in the best interests of HPI-NA and HPI, and their respective shareholders, creditors and other interested parties, to file voluntary petitions (the "Voluntary Petitions") for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code").

## Filing of Voluntary Petitions

**NOW, THEREFORE, BE IT RESOLVED**, that, absent a viable alternative, the Boards hereby find, determine and conclude that it is desirable and in the best interests of the HPI-NA

4875-9560-1183.1

and HPI, their respective creditors, shareholders and other interested parties that the Voluntary Petitions seeking relief under the Bankruptcy Code and the filing of the Voluntary Petitions is authorized hereby.

## Appointment of Authorized Officers

**RESOLVED**, that the Chief Executive Officer and the Chief Financial Officer of HPI-NA and HPI (the "Authorized Officers") are authorized on behalf of HPI-NA and HPI to execute and verify the Voluntary Petitions in the name of the HPI-NA and HPI under Chapter 11 of the Bankruptcy Code, and to cause the same to be filed in the United States Bankruptcy Court in such form and at such time as the Authorized Officers shall determine.

## Actions by Authorized Officers

**RESOLVED**, that the Boards hereby authorize and empower the Authorized Officers to take such other actions at such time as he deems necessary, appropriate or desirable to cause the preparation and filing of the Voluntary Petitions, schedules, statement of financial affairs, lists, pleadings and other papers or documents, and to take any and all actions which they deem necessary or proper for and on behalf of HPI-NA and HPI to obtain relief under the Bankruptcy Code, including without limitation depositing the executed Voluntary Petitions, schedules, statement of financial affairs, lists, pleadings and other papers or documents in the custody of the law firm of Foley & Lardner LLP ("Foley & Lardner"), to be held in trust until such time as the Authorized Officers instruct Foley & Lardner, either orally or in writing, to file the Voluntary Petitions and schedules, statement of financial affairs, lists, pleadings and other papers or documents;

**RESOLVED FURTHER**, the Authorized Officers are hereby authorized and empowered on behalf of, and in the name of, HPI-NA and HPI to take such actions as are necessary, appropriate, advisable or desirable to pursue and maximize the benefits of Chapter 11, including without limitation: (i) making arrangements for postpetition financing and/or use of cash collateral; (ii) pursuing and consummating any sale or sales of assets; and (iii) developing, negotiating, confirming and performing under, a bankruptcy plan of reorganization or liquidation, and to negotiate, execute and deliver any and all agreements, instruments and related documents that, in the judgment and discretion of the Authorized Officers, are necessary, appropriate, advisable or desirable for consummating such financing or use of cash collateral, for pursuing and consummating such sale or sales of assets or for such development, negotiation and confirmation of, and performance under, such a bankruptcy plan of reorganization or liquidation, including without limitation executing credit agreements, asset purchase agreements, plans and related documents;

**RESOLVED FURTHER**, that the Authorized Officers are authorized to employ the law firm of Foley & Lardner, as general bankruptcy counsel to HPI-NA and HPI, and to take any and all actions to advance HPI-NA's and HPI's rights and, in connection therewith, the Authorized Officers are authorized to pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 cases, and to cause to be filed appropriate applications for authority to retain the services of Foley & Lardner;

**RESOLVED FURTHER**, that the Authorized Officers are authorized to employ additional professionals, including without limitation any attorneys, financial advisors or

consultants to HPI-NA and HPI as the Authorized Officers deem necessary, appropriate, advisable or desirable to represent and assist HPI-NA and HPI in considering restructuring alternatives and carrying out their respective duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Voluntary Petitions, and to cause to be filed appropriate applications for authority to retain the services of such additional professionals;

**RESOLVED FURTHER**, that the Authorized Officers (and such other officers as the Authorized Officers may from time to time designate) are authorized and powered, in the name of, and on behalf of HPI-NA and HPI: (a) to take or cause to be taken any and all such other and further action; (b) to do and perform, or cause to be done or performed, all such acts and things; (c) to negotiate, execute and deliver, or cause to be negotiated, executed or delivered, all such further papers, pleadings, documents and instruments of any type and description; and (d) to pay, or cause to be paid, any and all fees, charges and costs of any type or description, all of which may be, or may be deemed to be, necessary, appropriate, advisable or desirable to effect the purposes and intent of the foregoing resolutions, the necessity, propriety, advisability or desirability of which shall be conclusively evidenced by any such officer's taking, or causing to be taken, any such action, doing and performing, or causing to be done or performed, any such act or thing, executing and delivering, or causing to be executed and delivered, any such papers, pleadings, documents or instruments, or paying, or causing to be paid, any such fees, charges and costs; and the execution by any of such officers of any such papers, pleadings, documents or instruments, or the doing by any of them of any act or thing in connection with any of the matters or things contemplated by, arising out of or in connection with, or otherwise relating in any manner whatsoever, the subject of the resolutions set forth above, shall conclusively establish their authority therefor from HPI-NA and HPI and the approval and ratification by HPI-NA and HPI of any and all papers, pleadings, documents and instruments so executed and delivered, and any and all action so taken, done or performed.

### Prior Related Acts

**RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions of management and members of the Boards, in the name and on behalf of HPI-NA and HPI, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to execution of these resolutions, are hereby in all respects confirmed, approved and ratified.

[Signature page follows.]

I hereby certify that the foregoing resolutions were duly adopted by the Board of Directors of Home Products International – North America, Inc. and Home Products International, Inc. at a special joint meeting on May 11, 2022, at which a quorum was present.

The following Directors voted in favor of the Resolution: Harris Kay, Dale Matschullat, William Roberts, Mick Solimene.

The following Director did not attend the meeting and thus abstained from voting on the Resolution: George Hamilton.

No Directors voted against the Resolution.

*James Auker*
Secretary & Treasurer
Executive Vice President, Chief Financial Officer
Home Products International – North America, Inc. and Home Products International, Inc.

# United States Bankruptcy Court
## Northern District of Illinois

In re  **Home Products International, Inc.**                                    Case No.
                        Debtor(s)                                               Chapter  **11**

# CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **Home Products International, Inc.**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**George Hamilton/Quest/Britmar (4)**
**4501 W. 47th St.**
**Chicago, IL 60632**

☐ None [*Check if applicable*]

| | |
|---|---|
| **June 2, 2022** | **/s/ Edward J. Green** |
| Date | **Edward J. Green** |
| | Signature of Attorney or Litigant |
| | Counsel for   **Home Products International, Inc.** |
| | **FOLEY & LARDNER LLP** |
| | **321 North Clark Street** |
| | **Suite 3000** |
| | **Chicago, IL 60654** |
| | **312-832-4500 Fax:312-832-4700** |
| | **egreen@foley.com** |

| Fill in this information to Identify the case: | |
|---|---|
| Debtor Name: Home Products International, Inc. | |
| United States Bankruptcy Court for the: Northern District of Illinois | ☐ Check if this is an amended filing |
| Case Number (If known): | |

# Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders  12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | BRASKEM AMERICA, INC 1735 MARKET ST FL 28 PHILADELPHIA, PA  19103-7534 | CONTACT: CLARISSA GRAZIANI PHONE: 267-908-0061 CLARISSA.GRAZIANI@BRASKEM.COM | TRADE DEBT | | | | $2,993,500.50 |
| 2 | MATERIAL DIFFERENCE TECHNOLOGIES 1501 SARASOTA CENTER BLVD SARASOTA, FL  34240 | CONTACT: SCOTT WILLIFORD PHONE: 214-914-1922 SCOTTW@MATERIALDIFFERENCETECHNOLOGIES.COM | TRADE DEBT | | | | $2,862,492.59 |
| 3 | PINNACLE POLYMERS ONE PINNACLE AVENUE GARYVILLE, LA  70051 | CONTACT: RAY BUCKWALTER PHONE: 908-635-4177 RAY.BUCKWALTER@PINNACLEPOLYMERS.COM | TRADE DEBT | | | | $1,870,905.00 |
| 4 | BLUE FIN STEEL 372 BAY STREET SUITE 406 TORONTO, ON  M5H 2W9  CANADA | CONTACT: MELINA GARATE PHONE: 416-640-0548 X1004 MELINA@BLUEFINSTEEL.COM | TRADE DEBT | | | | $1,523,418.64 |
| 5 | JADE METALS CORP. 9 GLADIOLA COURT TORONTO, ON  M3H 5X5 CANADA | CONTACT: STEPHEN MARGLES PHONE: 416-569-3539 STEPHEN@JADEMETALS.COM | TRADE DEBT | | | | $633,088.21 |
| 6 | CHICAGO MOLD ENGINEERING 615 STETSON AVE ST. CHARLES, IL  60174 | CONTACT: JEFF OSWALD PHONE: 630-816-8365 JOSWALD@CHICAGOMOLD.COM | TRADE DEBT | | | | $505,180.49 |

Official Form 204   Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims   Page 1

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | RIVERVIEW STEEL CO, LTD. 8165 ANCHOR DRIVE WINDSOR, ON  N8N 5B7 CANADA | CONTACT: MICHAEL MELOCHE PHONE: 519-979-8255 X247 MMELOCHE@RIVERVIEWSTEEL.COM | TRADE DEBT | | | | $504,755.84 |
| 8 | KLOECKNER METALS US MIDWEST INC RECEIVABLES CORPORATION 75 REMITTANCE DRIVE, SUITE 6402 CHICAGO, IL  60675 | CONTACT: ROBERT SCHIEMAN PHONE: 317-460-0961 ROB.SCHIEMAN@KLOECKNER.COM | TRADE DEBT | | | | $490,165.00 |
| 9 | ASSOCIATED STEEL TRADING LLC 12187 E. CORTEZ DRIVE SCOTTSDALE, AZ  85259 | CONTACT: IAN EPSTEIN PHONE: 480-577-4904 IJEPSTEIN@ASSOCIATEDSTEELTRADING.COM | TRADE DEBT | | | | $348,048.96 |
| 10 | AMERICAN EAGLE PACKAGING CORP. 1645 TODD FARM DRIVE ELGIN, IL  60123 | CONTACT: TOM O'MALLEY PHONE: 224-856-4817 TOMALLEY@AEPKG.COM | TRADE DEBT | | | | $341,747.83 |
| 11 | DYNEGY ENERGY SERVICES 27679 NETWORK PLACE CHICAGO, IL  60673 | CONTACT: CUSTOMER SERVICE PHONE: 833-241-4591 DESCUSTCARE@VISTRACORP.COM | TRADE DEBT | | | | $295,613.82 |
| 12 | WESTROCK CP, LLC 3101 STATE STREET COLUMBUS, IN  47201 | CONTACT: CHERYL COOK PHONE: 770-326-8493 CHERYL.COOK@WESTROCK.COM | TRADE DEBT | | | | $289,454.15 |
| 13 | COOLTEX (ANHUI) MANUFACTURING NO. 8 JINGYI ROAD TONCHENG, ANGING, ANHUI 231400 CHINA | CONTACT: RANDY REN PHONE: +86-5566567678 RANDY.REN@163.COM | TRADE DEBT | | | | $282,154.38 |
| 14 | BLUE RIDGE INDUSTRIES, INC. 266 ARBOR CT WINCHESTER, VA  22602 | CONTACT: NATALIE MILLER PHONE: 540-662-3900 X232 NMILLER@BLUERIDGEIND.COM | TRADE DEBT | | | | $263,370.95 |
| 15 | GREEN BAY PACKAGING 3601 N. RUNGE AVENUE FRANKLIN PARK, IL  60131 | CONTACT: JOEL BARTA PHONE: 920-433-5116 JBARTA@GBP.COM | TRADE DEBT | | | | $249,793.22 |
| 16 | RSM US LLP 5155 PAYSPHERE CIRCLE CHICAGO, IL  60674 | CONTACT: BOB SEIFERT PHONE: 847-413-6458 BOB.SEIFERT@RSMUS.COM | TRADE DEBT | | | | $220,455.00 |
| 17 | CH ROBINSON/ABH DIVISION - OCE 14701 CHARLSON ROAD EDEN PRARIE, MN  55347-5076 | CONTACT: ELIZABETH WATSON PHONE: 1-855-229-6128 ELIZABETH.WATSON@CHROBINSON.COM | TRADE DEBT | | | | $220,028.20 |
| 18 | SCOTT STEEL LLC. ATTN: JOHN SCOTT 125 CLARK ST PIQUA, OH  45356 | CONTACT: JOHN SCOTT PHONE: 937-552-9670 JOHN.SCOTT@SCOTTSTEELLLC.COM | TRADE DEBT | | | | $212,875.31 |

Debtor: Home Products International, Inc.    Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 | MILL STEEL COMPANY<br>2905 LUCERNE DR SE<br>GRAND RAPIDS, MI  49546 | CONTACT: TIM VANWINGERDEN<br>PHONE: 616-977-9056<br>TIM.VANWINGERDEN@MILLSTEEL.COM | TRADE DEBT | | | | $201,418.88 |
| 20 | HARVEY PALLETS INC<br>2200 138TH ST<br>BLUE ISLAND, IL  60406-3209 | CONTACT: MANUEL TAVAREZ<br>PHONE: 708-293-1831<br>MANUEL@HARVEYPALLETS.COM | TRADE DEBT | | | | $182,623.33 |
| 21 | UBE MACHINERY INC.<br>5700 SOUTH STATE STREET<br>ANN ARBOR, MI  48108 | CONTACT: DEVIN HAKE<br>PHONE: 734-741-7818<br>DHAKE@UBEMACHINERY.COM | TRADE DEBT | | | | $181,727.47 |
| 22 | PRO-MET STEEL, INC.<br>20550 S. LAGRANGE RD<br>SUITE 300<br>FRANKFORT, IL  60423 | CONTACT: JUSTIN EGLE<br>PHONE: 773-995-0317<br>PROMETJUSTIN@ATT.NET | TRADE DEBT | | | | $172,321.93 |
| 23 | GLOBAL FELT TECHNOLOGIES<br>541 BUFFALO WEST SPRINGS HWY<br>UNION, SC  29379-9603 | CONTACT: JOEY DUNCAN<br>PHONE: 864-426-2047<br>JDUNCAN@DALCONONWOVENS.COM | TRADE DEBT | | | | $156,754.80 |
| 24 | TMS SALES & MARKETING, INC.<br>9950 WEST LAWRENCE AVENUE, SUITE 400<br>SCHILLER PARK, IL  60176 | CONTACT: CURTIS MATHENEY<br>PHONE: 847-489-5318<br>WEBINQUIRY@TMSSALESINC.COM | TRADE DEBT | | | | $126,655.44 |
| 25 | TALCO PLASTICS, INC<br>1000 W. RINCON ST.<br>CORONA, CA  92878 | CONTACT: JACK SHEDD<br>PHONE: 951-531-2001<br>JACK@TALCOPLASTICS.COM | TRADE DEBT | | | | $114,282.00 |
| 26 | TNT PLASTIC MOLDING<br>725 EAST HARRISON STREET<br>CORONA, CA  92879 | CONTACT: DENNIS CHADWICK<br>PHONE: 951-808-9700 X302<br>DENNIS@TNTPLASTICMOLDING.COM | TRADE DEBT | | | | $110,127.13 |
| 27 | FOREVER HOLDINGS LTD.<br>UNIT 507<br>5TH FLOOR, KOWLOON PLAZA<br>HONG KONG  528322<br>HONG KONG | CONTACT: VERA CHAN<br>PHONE: +852-27825663<br>VERACHAN@FOREVER-CHINA.COM | TRADE DEBT | | | | $109,816.20 |
| 28 | METALS USA<br>5750 LOWER VALLEY PIKE<br>PITTSBURGH, PA  45502 | CONTACT: BRIAN SCHMIDT<br>PHONE: 330-264-8416 X203<br>BSCHMIDT@METALSUSA.COM | TRADE DEBT | | | | $101,484.78 |
| 29 | PAMCO<br>147 SEABOARD LN<br>FRANKLIN, TN  37067-8217 | CONTACT: SCOTT GALLINGER<br>PHONE: 919-518-6288<br>SCOTT.GALLINGER@RESOURCELABEL.COM | TRADE DEBT | | | | $86,666.20 |
| 30 | COLORS FOR PLASTICS INC.<br>2245 PRATT BLVD.<br>ELK GROVE VILLAGE, IL  60007 | CONTACT: ROBERT DALLESKA<br>PHONE: 847-462-6071<br>RDALLESKA@COLORSFORPLASTICS.COM | TRADE DEBT | | | | $70,673.74 |

Fill in this information to identify the case:

Debtor name: __Home Products International, Inc.__

United States Bankruptcy Court for the: __NORTHERN DISTRICT OF ILLINOIS__

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __June 2, 2022__     X _/s/ James Auker_
Signature of individual signing on behalf of debtor

__James Auker__
Printed name

__Chief Financial Officer__
Position or relationship to debtor