# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>HOME PRODUCTS INTERNATIONAL, INC., ET AL, [1]<br><br>                            Debtors. | Chapter 7<br><br>Case No. 22-06276<br>(Jointly Administered)<br><br>Hon. Janet S. Baer |
| STEVEN R. RADTKE, not individually but solely in his capacity as chapter 7 Trustee of the bankruptcy estate of Home Products International-North America, Inc.,<br><br>                            Plaintiff,<br>v.<br><br>DEBBIE'S CUSTOMIZED STAFFING, INCORPORATED,<br><br>                            Defendant. | Adv. No. _____ |

**COMPLAINT TO AVOID AND RECOVER AVOIDABLE
TRANSFERS AND DISALLOW CLAIMS**

Plaintiff, Steven R. Radtke, not personally but solely in his capacity as the chapter 7 trustee (the "Trustee" or the "Plaintiff") of the bankruptcy estate (the "Estate") of Home Products International-North America, Inc. (the "Debtor"), files this complaint (the "Complaint") against Debbie's Customized Staffing, Incorporated (the "Defendant"), and in support thereof hereby alleges as follows:

---

[1] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal identification number, are: Home Products International, Inc. (7027) and Home Products International-North America, Inc. (0451).

## NATURE OF THE ACTION

1. Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property made for, or on account of, an antecedent debt, and to or for the benefit of Defendant by the Debtor during the ninety (90) day period prior to the filing of the Debtor's bankruptcy petition, pursuant to 11 U.S.C. §§ 547(b) and 550(a).

2. In addition, Plaintiff seeks to disallow, pursuant to 11 U.S.C. §§ 502(d) and (j), any and all claims that Defendant has filed or asserted against the Estate so long as the Defendant fails to pay or surrender to the Plaintiff the value of the avoidable transfers. Plaintiff does not waive but hereby reserves all of his rights to object to any such claim for any reason, including, but not limited to, any reason set forth in 11 U.S.C. §§ 502(a) though (j).

## JURISDICTION AND VENUE

3. The United States Bankruptcy Court for the Northern District of Illinois (the "Court") has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. This Court has personal jurisdiction over Defendant pursuant to Fed. R. Bankr. P. 7004(f) because Defendant conducted business in the United States, directed activities toward the Debtor in the United States, and/or the transfers at issue occurred in the United States.

6. Defendant is subject to nationwide service of process by first-class mail, postage prepaid pursuant to Fed. R. Bankr. P. 7004(b) and (d).

7. This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter final orders and judgments

related to matters arising herein. To the extent this adversary proceeding is deemed a proceeding in which the Court may not constitutionally enter final orders absent the consent of the litigants, the Plaintiff consents to the entry of final orders by the Court in this adversary proceeding.

## PROCEDURAL BACKGROUND

8. On June 2, 2022, the Debtor and Home Products International, Inc. ("HPI") filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-captioned bankruptcy cases (the "Cases").

9. On June 3, 2022, the Court approved the joint administration of the Cases for procedural purposes only.

10. On July 26, 2023, the Court entered its *Order Granting Official Committee of Unsecured Creditors' Motion to Convert Debtors' Chapter 11 Cases to Cases under Chapter 7* [Dkt. 327] (the "Conversion Order"). Pursuant to the Conversion Order, the Court converted the Cases to ones under chapter 7 of the Bankruptcy Code.

11. On July 27, 2023, the Office of the United States Trustee appointed Mr. Radtke to serve as chapter 7 Trustee of the estates of the Debtor and HPI.

## THE PARTIES

12. Prior to the Petition Date, the Debtor manufactured a variety of household and commercial products, including plastic storage totes, carts, and bins, at its plant in Chicago, Illinois and steel ironing boards at its plant in Seymour, Indiana. .

13. Pursuant to 11 U.S.C. §§ 502, 547, 550, and 704(a), Plaintiff is authorized and has standing to commence, prosecute, and compromise this cause of action.

14. The name of the Defendant is Debbie's Customized Staffing, Incorporated.

15. The Defendant was, at all relevant times, a creditor of the Debtor. The Debtor made transfers to Defendant during the 90 days prior to the Petition Date.

## FACTUAL BACKGROUND

16. During the ninety (90) day period prior to the Petition Date (the "Preference Period"), the Defendant received transfers from the Debtor (the "Transfers") in an aggregate amount, accounting for certain applicable defenses, of not less than $100,037.29. A detailed list of the Transfers is attached hereto as **Exhibit A**.

17. On or about February 29, 2024, Plaintiff issued a demand letter to Defendant (the "Demand Letter") demanding the return of the Transfers. In the Demand Letter, Plaintiff indicated that he was not a party to the underlying transactions giving rise to the Transfers and lacked knowledge regarding whether Defendant had potential affirmative defenses to avoidance. Accordingly, Plaintiff requested that Defendant provide facts supporting any affirmative defenses and copies of all relevant documents.

18. To date, the Defendant has not paid or surrendered to Plaintiff the value of the Transfers. Nor has Defendant provided information that Plaintiff believes is sufficient to establish a complete defense to avoidance of the Transfers.

19. During the course of this proceeding, Plaintiff may learn of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property to or for the benefit of Defendant or any other transferee. Plaintiff reserves his right to amend this original Complaint to include: (i) further information regarding the Transfers, (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (*e.g.*, but not exclusively, 11 U.S.C. §§ 542, 544, 545, 548 and/or 549) (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

LEGAL\71692078\2

# COUNT I – AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547(b)

20. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 19 as if fully set forth herein.

21. Pursuant to 11 U.S.C. § 547(b), a trustee, based on reasonable due diligence in the circumstances of the Bankruptcy Case and taking into account a party's known or reasonably knowable § 547(c) affirmative defenses, may avoid any transfer of an interest of the debtor in property (a) to or for the benefit of a creditor, (b) for or on account of an antecedent debt owed by the debtor before such transfer was made, (c) made while the debtor was insolvent, (d) made on or within ninety (90) days, or in certain circumstances within one year, before the filing of the petition, and (e) that enables such creditor to receive more in satisfaction of its claims than it would receive in a case under chapter 7 of the Bankruptcy Code if the transfer had not been made.

22. After reasonable diligence under the circumstances of this Bankruptcy Case, including with respect to potential defenses under 11 U.S.C. § 547(c), Plaintiff believes that the Transfers are avoidable.

23. During the Preference Period, the Debtor made the Transfers to Defendant on the date, and in the amount, listed on <u>Exhibit A</u>, for a total sum of at least $100,037.29 to Defendant.

24. The Transfers were made to or for the benefit of Defendant, a creditor of the Debtor, at the time each of the Transfers was made.

25. The Transfers were for or on account of antecedent debts owed by the Debtor to Defendant before such transfers were made.

26. Upon information and belief, the Defendant had no collateral, security interest or lien to secure payment for the products delivered or services rendered to the Debtor or on behalf of the Debtor.

LEGAL\71692078\2

27. The Debtor is presumed to have been insolvent at the time of the Transfers pursuant to 11 U.S.C. § 547(f).

28. At the time that each of the Transfers was made, the sum of the Debtor's debts exceeded the sum of its property at a fair valuation.

29. The Transfers enabled Defendant to receive more in satisfaction of its claim against the Debtor than it would have received in a case under chapter 7 of the Bankruptcy Code had the payment not been made.

30. By reason of the foregoing, Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 avoiding the Transfers.

### COUNT II – RECOVERY OF AVOIDED TRANSFERS
### PURSUANT TO 11 U.S.C. § 550(a)

31. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 30 as if fully set forth herein.

32. Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

33. Plaintiff is entitled to recover from Defendant the value of the Transfers pursuant to 11 U.S.C. § 550(a), to the extent the Transfers are avoided pursuant to 11 U.S.C. § 547, plus interest thereon to the date of payment and the costs of this action.

### COUNT III – TO DISALLOW CLAIMS
### PURSUANT TO 11 U.S.C. §§ 502(d) AND (j)

34. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 33 as if fully set forth herein.

35. Defendant is a transferee of a transfer avoidable under 11 U.S.C. § 547, which property is recoverable under 11 U.S.C. § 550.

36. Defendant has not paid the amount of the Transfers, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

37. Pursuant to 11 U.S.C. § 502(d), any and all claims of Defendant and/or its assignee against the Estate must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Transfers, plus interest thereon and costs.

38. Pursuant to 11 U.S.C. § 502(j), any and all claims of Defendant and/or his assignee against the Estate previously allowed by Plaintiff must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Transfers.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant granting the following relief:

A. On Counts I and II of the Complaint, judgment in favor of Plaintiff and against Defendant, avoiding the Transfers and directing Defendant to return to Plaintiff the amount of the Transfers, pursuant to 11 U.S.C. §§ 547(b) and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B. On Count III of the Complaint, judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against the Estate until Defendant returns the Transfers to Plaintiff pursuant to 11 U.S.C. §§ 502(d) and (j); and

C. Granting Plaintiff such other and further relief as this Court may deem just and equitable.

LEGAL\71692078\2

Respectfully submitted,

Steven R. Radtke, not personally but solely in his capacity as chapter 7 Trustee of the bankruptcy estate of Home Products International-North America, Inc.

Dated: July 25, 2024

By: */s/ David R. Doyle*
    One of his attorneys

David R. Doyle
COZEN O'CONNOR
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
daviddoyle@cozen.com
(312) 474-1648